UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT FRANKFORT**

UNITED STATES OF AMERICA,      )
                               )
    Plaintiff,                 )          Criminal Action No.
                               )             3:08-cr-31-JMH
v.                             )
                               )
CHRISTOPHER CELLO SMITH,       )
                               )          **MEMORANDUM OPINION & ORDER**
    Defendant.                 )

                **     **     **     **     **

    This matter is before the Court on Defendant Christopher Cello Smith's Motion for Judgment of Acquittal [DE # 341]. The United States has filed a Response [DE # 345], and Defendant Smith has filed a Reply in further support of his Motion [DE # 358]. The Court being sufficiently advised, this Motion is ripe for decision.

    Defendant Christopher Cello Smith was charged with conspiracy to commit mail and wire fraud (Count 1) and mail and wire fraud (Counts 2-23) in the Indictment returned in this matter. During the trial of this matter, he made an oral Motion for a Judgment of Acquittal on July 6, 2010, at the close of the government's evidence as to a number of counts, including Count 17, and again on July 8, 2010, at the close of all evidence. He was denied relief as to Count 17 on both occasions. Relevant to the motion at bar, the jury returned a verdict of not guilty on Count 1 but guilty on Count 17 as to Defendant Smith on July 10, 2010. The present Motion, by which he renews his Motion for Judgment of Acquittal,

-1-

was filed on July 23, 2010, within the time set forth for same in Fed. R. Crim. P. 29(c)(1).

Count 17 of the Indictment alleges that Defendant Christopher Cello Smith committed mail fraud based on a drilling permit for a well known as Bell Co. # 1 that was received from the Commonwealth of Kentucky by Kentucky Indiana Oil & Gas, an entity controlled by Defendant Michael D. Smith, on June 12, 2007. The undisputed evidence presented at trial was that the mailing of that permit occurred more than eight months after Christopher Cello Smith terminated his employment with Target Oil & Gas, on or about October 6, 2006. There was no evidence presented that Defendant Smith played any role in seeking or obtaining the drilling permit, soliciting investors for Bell County # 1, or otherwise participated in any actions related to Bell County # 1.

In its response, the United States correctly argues that the Court may not review the verdict of guilty on Count 17 (mail fraud) simply on the grounds that it seems inconsistent with the verdict of not guilty on Count 1 (conspiracy to commit mail fraud), which the Court declines to do. The Court may, however, consider whether the evidence presented was insufficient to sustain a conviction on Count 17 under Fed. R. Crim. P. 29. In doing so, the Court determines whether, "viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." *United*

*States v. Baggett*, 251 F.3d 1087, 1095 (6th Cir. 2001) (quoting *United States v. King*, 169 F.3d 1035, 1038-39 (6th Cir. 1999)).

In order to find a defendant guilty of mail fraud alleged in Count 17, the trier of fact must find that, among other elements, the evidence demonstrated beyond a reasonable doubt that "the defendant used the mail or a private or commercial interstate carrier, or caused another to use the mail or a private or commercial interstate carrier in furtherance of the scheme [to defraud in order to obtain money or property by false or fraudulent pretenses, representations, or promises]." [*See* DE # 316, Jury Instruction No. 17.] The defendant must have "personally committed or participated" in the crime or it must be shown that he was a member of a conspiracy and, thus, "responsible for acts committed by the other members" under certain conditions. [*Id.*, Jury Instruction No. 19.]

Even considering the evidence presented in the light most favorable to the government, there has been no evidence presented in this matter from which a rational trier of fact could find all the elements of mail fraud alleged in Count 17 beyond a reasonable doubt. Specifically, there is no evidence that Defendant Smith personally used or caused another person, including the permitting authority, to use the mail or a private or commercial carrier in furtherance of any scheme to defraud with regard to Bell County # 1. Defendant Smith was no longer employed by Target Oil and Gas

and was no longer soliciting investments on its behalf at the relevant time, nor did he participate in the permitting or promotion of Bell County # 1. Further, the jury concluded that Defendant Smith did not participate in a conspiracy to commit the mail fraud alleged in Count 17, as set forth in Count 1 of the Indictment, nor is there any evidence that Defendant Christopher Cello Smith participated in a second, uncharged conspiracy to commit the mail fraud alleged in Count 17. Defendant Smith's motion is well taken and shall be granted.

Accordingly, **IT IS ORDERED**:

(1) that Defendant Christopher Cello Smith's Motion for Judgment of Acquittal [DE # 341] is **GRANTED**; and

(2) that the jury's verdict of guilty on Count 17 as to Defendant Christopher Cello Smith is **SET ASIDE**.

This the 1st day of September, 2010.



**Signed By:**

*Joseph M. Hood*

**United States Senior Judge**

-4-