UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT FRANKFORT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. |
| | ) | 3:08-cr-31-JMH |
| v. | ) | |
| | ) | |
| CHRISTOPHER CELLO SMITH, | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the United States of America's Motion to Stay Sentencing of Defendant Christopher Cello Smith [DE 414] in which it argues that this Court lacks jurisdiction to enter a sentence due to the pendency of an appeal to the United States Court of Appeals for the Sixth Circuit. The Court being adequately advised, this motion is ripe for consideration and shall be denied for the reasons set forth below.

As a general matter, "[i]t is well settled that the filing of the notice of appeal with the district court clerk deprives the district court of jurisdiction to act in matters involving the merits of the appeal." *U.S. v. Holloway*, 740 F.2d 1373, 1382 (6th Cir. 1984). Thus, once a notice of appeal is filed, this Court may only enter remedial orders not affecting the merits of the appeal or proceed with the case only if the notice of appeal is from a patently non-appealable order. *Holloway*, 740 F.2d at 1382 (citing *Jago v. United States District Court*, 570 F.2d 618 (6th Cir. 1978);

*Cochran v. Birkel* 651 F.2d 1219 (6th Cir. 1981)). The Court must consider, then, whether it may proceed under one of these stated exceptions to the jurisdictional transfer doctrine. In this instance, the Court is persuaded that it may proceed as the United States' Notice of Appeal [DE 385] purports to lie from a patently non-appealable order.

The United States may take an appeal in a criminal matter under certain limited circumstances relevant to the inquiry at hand, as follows:

> In a criminal case an appeal by the United States shall lie to a court of appeals *from a decision, judgment, or order of a district court dismissing an indictment or information or granting a new trial after verdict or judgment*, as to any one or more counts, or any part thereof, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

18 U.S.C. § 3731 (emphasis added).

The United States' Notice of Appeal [DE 385] concerns itself with the Court's September 1, 2010, Memorandum Opinion and Order [DE 379] granting Defendant Smith's Motion for Judgment of Acquittal and setting aside the jury's verdict of guilty on Count 17 as to him. Notably, the Court's Memorandum Opinion and Order neither dismisses the indictment nor grants a new trial. Rather, it anticipates but leaves the dismissal of Count 17 for another day. Thus, the United States' Notice of Appeal, upon which it

grounds its present motion, is premature as the Memorandum Opinion and Order which it addresses is patently unappealable under 18 U.S.C. § 3731.

Accordingly, **IT IS ORDERED** that the United States' Motion to Stay Sentencing of Defendant Christopher Cello Smith [DE 414] is **DENIED**.

This the 5th day of January, 2011.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge