UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT FRANKFORT**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. |
| ) | 3:08-cr-31-JMH |
| v. ) | |
| ) | |
| MICHAEL D. SMITH, et al., ) | |
| ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. ) | |

** ** ** ** **

This matter is again before the Court on Defendant Michael D. Smith's Motion to Vacate Verdict and Dismiss Count 15 of Indictment [DE 521], in which Defendant Christopher Cello Smith has joined by virtue of his own Motion [DE 529]. The United States filed a Response [DE 545], stating its objections to these Motions, and Defendant Michael D. Smith and Christopher Cello Smith filed Replies in further support of their Motions [DE 557 and 560]. The Court convened a hearing on these and other motions pending in this matter on May 31, 2011, during which the Court announced that it was adequately advised by the parties' filings on these motions and granted the Motions of Defendants Michael D. Smith and Christopher Cell Smith. The Court, on its own motion, vacated the guilty pleas as to Count 15 and dismissed Count 15 as to Defendants Shaun

-1-

Michael Smith and Joshua Harris at that time.  This Memorandum Opinion is intended to memorialize the Court's decision.

## I. Factual and Procedural Background

Counts 2-21 of the Indictment charge that Defendants Michael D. Smith, Christopher Cello Smith, Shaun Michael Smith, and Joshua Scott Harris, among others, violated 18 U.S.C. § 1341 because they "placed in the United States mail and with a commercial interstate carrier, and caused to be delivered by United States mail and by a commercial carrier, according to the directions thereon, mail matter." [DE 1, Indictment at ¶¶ 18-19.]  Count 15 is specifically concerned with a letter dated April 23, 2006, and mailed on April 24, 2006, by investor Don Thompson of Omaha, Nebraska to Michael Smith as president of Target Oil & Gas Corporation "requesting status of wells and explanation for lack of production" as to certain well programs. [*Id.*]  Thompson wanted answers to such questions as "[W]hy couldn't the oil still be pumped?", "Does it take two years to get a well into production?", "What is the production on Floyd 5?", and, with respect to Christopher Cello Smith's statement that better wells would be available as leases were acquired and projects drilled in eastern Kentucky and western West Virginia, "Is he correct or was he feeding me a line?"

The letter was introduced at trial during the testimony of Postal Inspector Ron Verst, at which time he identified it as a

-2-

document retrieved during a search of Defendant Shaun Michael Smith's residence. Count 15 does not suggest nor was any evidence presented that any of the defendants or anyone at Target Oil & Gas invited Thompson to write the letter or had contact with Don Thompson by any means as a follow-up to his letter.

Defendants Michael D. Smith and Christopher Cello Smith were convicted on Count 15 by the jury. [DE 319 and 320.] Defendants Shaun Michael Smith and Joshua Scott Harris entered guilty pleas as to Count 15. [DE 271 and 273.]  In their Motions to Vacate the Verdict and Dismiss Count 15 of the Indictment, the moving Defendants contend that, because of the nature of the mailing supporting it, Count 15 of the Indictment fails to state an offense. [DE 521 and 529.] Specifically, they point out that the mailing in question seeks to thwart rather than promote the fraudulent scheme alleged and, therefore, was neither part of the execution of the scheme nor was it essential to bring the scheme to fruition.  The United States argues that the letter was actually in furtherance of the scheme because the letter was intended to "lull" the victim into a sense of complacency.

Having considered the matter, the Court concluded that the letter in question was not incident to the scheme because there is no evidence that it was intended to lull the victim and avoid discovery of the scheme. The letter, sent from a worried investor,

-3-

was nothing more than an inquiry into the practices of Defendant's corporation, Target Gas & Oil. It was not invited by anyone associated with Target Gas & Oil nor is there any evidence that the letter prompted any response from anyone associated with Target Gas & Oil. Without more, as set forth below, the letter could not have furthered the scheme. Since Thompson's letter falls outside the scope of 18 U.S.C. § 1341, Count 15 fails to state an offense, the guilty verdicts and pleas as to Count 15 were vacated, and Count 15 was dismissed.

**II. Discussion**

To properly support a conviction of mail fraud, under 18 U.S.C. § 341, the United States must prove that there a was "(1) a scheme to defraud (2) which involves a use of the mails (3) for the purpose of executing the scheme." *United States v. Castile*, 795 F.2d 1273, 1278 (6th Cir. 1986). Defendants argue only that the mailing was not made for the purpose of executing the scheme, in other words that the mailing was not "in furtherance of" the scheme.

"In order for a mailing to be in furtherance of a scheme, the scheme's completion or the prevention of its detection must have depended in some way on the charged mailing." *Id*. (*citing United States v. LaFerriere*, 546 F.2d 182 (5th Cir. 1977); *United States v. Tarnopol*, 561 F.2d 466, 471-73 (3d Cir. 1977); *United States v.*

-4-

*Otto*, 742 F.2d 104, 108-09 (3d Cir. 1984); *United States v. Blecker*, 657 F.2d 629, 636-37 (4th Cir. 1981); *United States v. Mitchell*, 744 F.2d 701, 703-04 (9th Cir. 1984)). Investigatory letters from a potential victim are in conflict with a defendant's scheme and, thus, inherently cannot be in furtherance of the scheme. *United States v. Merklinger*, 16 F.3d 670, 679 (6th Cir. 1994); *see also Castile*, 795 F.2d at 1279-81 (explaining that letters from an insurance company to the insurance company's private investigator could not serve as the basis for a mail fraud conviction against a defendant making a fraudulent insurance claim).

In *Merklinger*, the defendant fraudulently attempted to become a surety for bond requirements on government construction contracts. The Sixth Circuit Court of Appeals held that letters from the government to the defendant in which a government official "request[ed] more information to aid her in determining whether [the defendant] qualified as a surety" could not serve as the basis for mail fraud because the mailings were "in furtherance of the government's investigation in order to defeat any fraudulent scheme, and so were in conflict with [defendant's] scheme." *Merklinger*, 16 F.3d at 679.

The Court sees no meaningful difference between the letters in *Merklinger* and the letter sent from Donald Thompson to Defendant

-5-

Michael D. Smith.  The questions asked by Thompson were not in furtherance of Defendants' efforts to persuade investors to invest or keep investing.  Rather, the letter from Thompson is in conflict with the scheme because Thompson was trying to determine why more gas and oil had not been produced and demanding that the proper amount of royalties be paid.  This is akin to the letter in *Merklinger* because, just as the government was investigating to ensure that Merklinger was a proper surety, Thompson was trying to ensure that he was making a safe investment.

It is possible for a mailing from a victim to satisfy the mailing requirement of 18 U.S.C. § 1341 if the defendants intend such letters to have a lulling effect on their victims.  *Compare United States v. Toney*, 598 F.2d 1349, 1354 n.8 (5th Cir. 1979) ("There was ample evidence from which to infer that [defendant] induced [the victim] to write and mail letters for the purpose of lulling [the victims] into believing [the defendant] was willing to negotiate in good faith about corrective action."), *and United States v. Brewer*, 807 F.2d 895, 898 (11th Cir. 1987) (deciding that when the victim was promised payment on a promissory note within 30 days the scheme was designed so that "demands for repayment were delayed for a sufficient time"), *with United States v. Lane*, 474 U.S. 438, 452-53 (1986) (holding that the letters sent from defendant were sufficient to charge mail fraud because the false

invoices "gave the impression of a perfectly innocent claim"), *and United States v. Snowden*, 770 F.2d 393, 398 (4th Cir. 1985) (affirming mail fraud charges when the defendant mailed copies of fictitious letters). Such mailings are "within the statute if they 'were designed to lull the victims into a false sense of security, postpone their ultimate complaint to the authorities, and therefore make the apprehension of the defendants less likely than if no mailings had taken place.'" *Lane*, 474 U.S. at 451-52 (quoting *United States v. Maze*, 414 U.S. 395, 403 (1974)). In such instances, the mailing must be essential to the success of the scheme. *Toney*, 598 F.2d at 1353 (citing *United States v. Hopkins*, 357 F.2d 14 (6th Cir. 1966); *Anderson v. United States*, 369 F.2d 11 (8th Cir. 1966); *United States v. Maze*, 414 U.S. 395 (1974); *United States v. LaFerriere*, 546 F.2d 182 (5th Cir. 1977)).

The letter from Don Thompson to Defendant Michael Smith was not, however, part of a plan or effort to lull Thompson into any sort of complacency. The United States has offered no evidence that the Defendants had invited correspondence such as the letter received from Don Thompson. While the United States argues that there was evidence of a general practice at Target Oil & Gas of glossing over questions from investors in order to allay their concerns, the Court can find no evidence that this particular investor received this treatment, or any other treatment, from Defendants in response to his letter. Further, the United States

-7-

of America has identified no cases nor has the Court located any wherein inaction by the defendant, in the face of an uninvited written inquiry was held to constitute lulling activity. Thompson's letter, and, perhaps more importantly, the Defendants' actions are inconsistent with the characteristics of lulling set out by the Supreme Court.

For all of the reasons set forth above, the indictment fails to set forth facts showing that the letter which is the subject of Count 15 furthered the fraudulent scheme alleged. Since the letter from Donald Thompson to Michael Smith falls beyond the scope of the relevant criminal statute, Count 15 fails to state an offense by Defendants Michael D. Smith, Christopher Cello Smith, Shaun Michael Smith, or Joshua Scott Harris.[1] *See United States v. Vitillo*, 490 F.3d 314, 321 (3d Cir. 2002) (quoting *United States v. Panarella*, 227 F.3d 678, 685 (3d Cir. 2002)) ("An indictment fails to state an offense if the specific facts alleged [in the indictment] fall

---

[1] During the hearing on May 31, 2011, the Court vacated Shaun Michael Smith and Joshua Scott Harris' guilty pleas as to Count 15 of the Indictment and dismissed Count 15 as to them. At that time, the Court had the benefit of the United States' Response to the pending Motions to Vacate and Dismiss Count 15 and, thus, found itself adequately advised as to the issues that were properly raised upon its own Motion with respect to Shaun Michael Smith and Joshua Scott Harris. *See United States v. Spinner*, 180 F.3d 514, 516 (3rd Cir. 1999) ("When, as in this case, an indictment fails to allege all elements of an offense, the defect may be raised by the court sua sponte."); *United States v. Marino*, 148 F.Supp. 75, 76 (N.D.Ill. 1957) ("The court may and should dismiss the indictment on its own motion if it is insufficient.").

beyond the scope of the relevant criminal statute, as a matter of statutory interpretation."); *see also United States v. Ali*, 557 F.3d 715, 720 (6th Cir. 2009) (explaining that a motion to dismiss for failure to state an offense was proper when the defendant alleged that, as a matter of law, the "undisputed facts did not give rise to the offense charged in the indictment").

This the 13th day of June, 2011.



Signed By:
*Joseph M. Hood*
United States Senior Judge

-9-