UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT FRANKFORT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. |
| | ) | 3:08-cr-31-JMH |
| v. | ) | |
| | ) | |
| MICHAEL D. SMITH, | ) | |
| CHRISTOPHER CELLO SMITH, and | ) | **MEMORANDUM OPINION & ORDER** |
| SHAUN MICHAEL SMITH | ) | |
| | ) | |
| Defendants. | ) | |

**       **       **       **       **

This matter is before the Court upon the Motions of Defendants Christopher Cello Smith, Michael D. Smith, and Shaun Michael Smith for Release Pending Appeal and For Stay of Order of Imprisonment [DE 654, 663, and 688].  The United States of America has filed Responses stating its objections to Defendants' requests for relief [DE 690, 691, and 692].  The Court being adequately advised, these Motions are ripe for decision.

**I.    Discussion**

18 U.S.C. § 3143(b)(1) provides that this Court shall order the detention of a person who has been found guilty of offense and sentenced to a term of imprisonment and who has filed an appeal or a petition for a writ of certiorari except under certain narrow circumstances.  In this instance, the Court has no reason to believe that any of the moving defendants are likely to flee or pose a danger as described in § 3143(b)(1)(A) – the first factor to

be considered – and turns its attention to the question of whether any appeal these defendants file would "raise[] a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."  18 U.S.C. § 3143(b)(1)(B).  If this Court could so find, it would be required to order his release under § 3143(b)(1)(B).  However, as set forth below, this is simply not the case in this matter.

**A.   Motions of Christopher Cello Smith and Michael D. Smith**

The gist of Christopher Cello Smith and Michael D. Smith's Motions is that they have or will raise on appeal a "substantial question of law or fact" likely to result in an order for a new trial or for reversal of their convictions with respect to their Motions for a New Trial [DE 523, 528].   In those Motions, they argued that the government had failed to timely disclose or properly investigate certain activities of co-Defendant Mark Irwin in connection with Summit Energy Corporation in violation of *Brady* and *Giglio* and that, thus, they were due a new trial

In the motions now before the Court, Michael and Christopher Smith argue that the Court erred when it denied their Motions for a New Trial [DE 610] and that their appeals on that issue raise a substantial question because they "present[] a 'close question or

one that could go either way' and that the question 'is so integral

to the merits of the conviction that it is more probable than not

that reversal or a new trial will occur if the question is decided

in the Defendant's favor.'" *United States v. Pollard*, 778 F.2d

1177, 1182 (6th Cir. 1985) (quoting *United States v. Powell*, 761

F.2d 1227 (8th Cir. 1985)).  The Court is not persuaded that these

moving defendants have demonstrated this.

In its decision of June 13, 2011 [DE 610] and with respect to

the disclosure of information about Mark Irwin's activities in

connection with Summit Energy Corporation, this Court held that:

> . . . [C]ontrary to the moving Defendants'
> position, the United States had no
> "affirmative duty . . . to take action to
> discover information which it [did] not
> possess." *United States v. Graham*, 484 F.3d
> 413, 417 (6th Cir. 2007) (quoting *United
> States v. Beaver*, 524 F.2d 963, 966 (5th Cir.
> 1975)) (holding that no *Brady* violation
> occurred where government did not disclose
> fifteen boxes of evidence that were in
> personal control of cooperating witness and
> not disclosed by that witness until late in
> trial).

Defendant Michael D. Smith argues (and the Court has presumed that

Christopher Cello Smith adopts and incorporates his argument into

his own motion, as with others in the past) that his appeal of this

decision presents a "close question or one that could go either

way" because the Sixth Circuit Court of Appeals has not yet

addressed a circumstance like that presented in this matter.  He

frames the issue presented as the contours of the prosecution's

duty to disclose exculpatory or impeachment evidence where, as he frames it, "the government is alerted to the likely existence of *Brady/Giglio* information prior to trial, declines to undertake any investigation of the information, and then learns post-trial that the *Brady/Giglio* material was readily available if the government had only bothered to look." [Motion at 3.]

Effectively, Michael D. Smith argues that the holding of *United States v. Graham*, 484 F.3d 413 (6th Cir. 2007), upon which this Court relied as precedent in its Memorandum Opinion and Order on the issue, does not reach far enough to encompass the scenario present in this case. In his mind, this case is not sufficiently like *Graham* because the prosecution in *Graham* was not aware prior to trial that its cooperating witness was in possession of *Brady/Giglio* material. Defendant Smith would have this Court conclude that the prosecution in *Graham* was in a different position than the prosecution in this case because the government in *Graham* had – according to Smith – no knowledge of the witness' possession of fifteen boxes of material concerning the defendant produced during trial. In fact, the Court of Appeals noted in *Graham* that the prosecution knew that the cooperating witness might possess additional records not previously disclosed to anyone, citing a note in the government's files which read, in part, "Haven't turned over old files, 1980's, to Graham's attorney. We want to review them first." *Id.* at 418. The *Graham* decision, therefore, did not

turn on the absence of knowledge that additional documents existed - because the prosecution knew that they might, although the evidence did not suggest that the prosecution had ever seen them. Rather, *Graham* turned on the fact that the evidence did not show that the prosecution had control over the cooperating witness or that it had control over "any documents remaining in [the witness's] possession." *Id*. For this reason, the Court concluded and remains convinced that *Graham* is on point and clearly controls the decision in this matter.

Further, the Court's decision is not inconsistent with the idea that the obligation to disclose exculpatory or impeaching information can "include both the failure to search for *Brady* [or *Giglio*] material and the failure to produce it," which Defendant Michael D. Smith and, the Court presumes, Christopher Cello Smith argue, as well, relying on *In re Sealed Case No. 99-3096*, 185 F.3d 887, 892 (D.C. Cir. 1999). The Court understands that, in appropriate circumstances, the failure to search for *Brady* material which is *within the control of the prosecution or its agents* could violate a prosecutor's obligation to be forthcoming with such evidence under *Brady* and *Giglio*. *See Kyles v. Whitley*, 514 U.S. 419, 437 (1995).

With respect to *Sealed Case No. 99-3096*, upon which Michael D. Smith relies heavily in his brief as persuasive authority, the important distinction about who controls the evidence seems lost on

him.   The court in *Sealed Case No. 99-3096* was concerned in pertinent part with whether a prosecutor had a duty under *Giglio* to seek out and disclose cooperation agreements negotiated by other prosecutors and arising from other cases – not the one in which testimony was to occur – against a witness.  Critically, the D.C. Circuit Court concluded that the prosecutor had a duty to locate and turn over these agreements both because they were properly considered impeachment evidence and because they were within the control of other prosecutorial or investigatory authorities.  In this case, the information which Defendants claim they should have had before trial – the specifics of Irwin's participation in Summit Energy's activities – was not in the possession of the prosecutors in this case or any other prosecutorial or investigatory authority from which it could have been sought.  As the Court has already held, under *Graham* and *Kyles* (and even if the Court considers the holding and rationale set forth in *Sealed Case No. 99-3096*), no duty to search for the information was triggered for the prosecutors in this case.

This Court's decision on Defendants' Motions for New Trial was founded on well-established law and does not approach the "bleeding edge" of *Brady* and *Giglio* jurisprudence, as the moving defendants suggest.  As such, the Court concludes that their appeals do not present a "substantial question of law or fact" likely to result in an order for a new trial or for reversal of their convictions.

Their present motion for relief will be denied.

**B.   Motion of Shaun Michael Smith**

    **1.   Denial of Motion to Withdraw, or in the Alternative, to Vacate Guilty Plea**

Defendant Shaun Michael Smith argues that his appeal of the Court's decision denying his Motion to Withdraw, or in the Alternative, to Vacate his guilty plea [DE 524, 527] raises a "substantial" question of law or fact which, if successful, will result in a new trial.  The Court agrees that the issue is "so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor."  *See Pollard*, at 1182.  The Court disagrees, however, that the issue on appeal presents a "close question or one that could go either way."

The seven factors considered by this Court in evaluating Smith's Motion to Withdraw his guilty plea are longstanding in this Circuit, and the decision as to how to proceed with respect to such a motion is within the Court's sound discretion. *See, e.g., United States v. Goddard*, 638 F.3d 490, 493-94 (6th Cir. 2011); *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994), superseded on other grounds as recognized in *United States v. Caseslorente*, 220 F.3d 727, 734 (6th Cir. 2000)); *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987).  This Court would abuse its discretion only if it "relie[d] on clearly erroneous findings of

fact, improper[] appli[cation of] the law or use[d] an erroneous legal standard." *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006).

Here, the Court carefully applied the factors provided to it by the Sixth Circuit and relied on the facts which were presented to it – largely undisputed – when it denied Smith's Motion to Withdraw his guilty plea.  Further, it did so in an opinion which included a lengthy and detailed analysis of its rationale for denying his Motion to Withdraw his guilty plea based on that law and the facts available to it.  This defendant has identified no particular fault with that decision other than that he disagrees with it.  All things considered, the issue on appeal hardly presents a "close question or one that could go either way."  The Court has already issued its opinion on the Motion and, whatever decision is reached by the Sixth Circuit Court of Appeals when they consider the matter, is confident that it applied well-established law when analyzed the matter using the factors given to it and that it based its factual conclusions on evidence of record.  The fact that Shaun Michael Smith disagrees with the Court does not make the issue a "close question or one that could go either way."

> ### 2.   Denial of Two-Level Reduction of Offense Level for Acceptance of Responsibility

This defendant also argues that the Court erroneously denied him a two-level reduction in offense level for acceptance of responsibility when calculating his Sentencing Guidelines range and

that the question of whether he is entitled to a two-level reduction on the facts in this case is a "close question or one that could go either way."[1]  The Court disagrees.

It is well established in the Sixth Circuit that efforts to withdraw one's guilty plea and to contest the factual basis of one's guilt are not consistent with acceptance of responsibility and are proper grounds for declining to include the two-level reduction for acceptance of responsibility in the calculations made under the Sentencing Guidelines.  *See*, *e.g.*, *United States v. Mahan*, 190 F.3d 416 (6th Cir. 1999) (acceptance denied after defendant went to trial to contest factual guilt and continued to downplay his role after conviction); *United States v. Sloman*, 909 F.2d 176 (6th Cir. 1990) (acceptance denied because defendant, although expressing regret, failed to acknowledge intent element); *United States v. Williams*, 176 F.3d 301 (6th Cir. 1999) (acceptance denied when, after cooperating, defendant recanted on the stand in

---

[1]     Shaun Michael Smith theorizes that, because he was sentenced to a term of imprisonment of 30 months, which falls with the Guidelines range for an individual with an offense level of 17 and criminal history category of I, the Court would have sentenced him to a sentence of 18 to 24 months (the corresponding range for an individual with an offense level of 15 and criminal history category of I) had it given him a two level reduction in his offense level.  Such a sentence would likely be less than the duration of the appeal process.  The Court, however, does not agree with his rationale.  As the parties are well aware, the Guidelines are advisory when it comes to sentencing and, having decided to depart downward from the calculated range, the Court cannot sanction the type of lock-step projection proposed by the defendant.

coconspirator's trial and moved to withdraw his plea).  Defendant, undoubtedly, sought to withdraw his guilty plea.  At sentencing, the Court rejected his argument that, in so doing, he only "challenged the circumstances surrounding his guilty plea as well as the legal sufficiency of it — not the substance of it." Specifically, the Court relied on the fact that, during the hearing on his Motion to Withdraw his guilty plea, the defendant insisted that he was innocent and denied repeatedly that he had any knowledge of wrong doing or involvement in criminal activity – contrary to his statements under oath at his rearraignment.  In other words, there is no "close question or one that could go either way."  The Court will deny his Motion on this ground, as well.

## II.  Conclusion

For all of the reasons stated above, the Court concludes that Defendants have failed to demonstrate that this is an appropriate instance in which to order their release on bond pending appeal under the narrow exceptions set forth in 18 U.S.C. § 3143(b)(1). It follows that the moving Defendants' Motions for relief are not well taken and shall be denied.

Accordingly, **IT IS ORDERED** that the Motions of Defendants Christopher Cello Smith, Michael D. Smith, and Shaun Michael Smith for Release Pending Appeal and For Stay of Order of Imprisonment [DE 654, 663, and 688] are **DENIED.**

This the 14th day of July, 2011.



Signed By:

**_Joseph M. Hood_**

**Senior U.S. District Judge**