UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION AT FRANKFORT**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. |
| ) | 3:08-cr-31-JMH |
| v. ) | |
| ) | |
| MICHAEL D. SMITH and ) | |
| CHRISTOPHER CELLO SMITH, ) | **MEMORANDUM OPINION & ORDER** |
| ) | |
| Defendants. ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon the Third Motion for New Trial filed by Michael D. and Christopher C. Smith [DE 839]. The United States has filed a Response [DE 846], stating its objections, and the moving Defendants have filed a Reply in further support of their Motion [DE 847].

Having considered the motion, response, and reply, the Court is not persuaded that a hearing on the argument raised in the motion would assist the Court in reaching a decision and concludes that a new trial is not warranted at this time. Accordingly, Defendants' Motion for a New Trial and request for a hearing will be denied.

**I.**

As the parties and the Court are well aware, Fed. R. Crim. P. 33 provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of

justice so requires." Motions "grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case." Fed. R. Crim. P. 33(b)(1). A motion on any other ground "must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2).

As with the last Motion for a New Trial filed by these defendants, Defendants' Motion is not, in large part, grounded in new evidence. Again, they insist that the trial was fatally flawed due the presentation of what they term "quack theories" by the government which worked a "fraud on the court." They complain that the government should have offered an opinion witness to support its case or that they were somehow denied the opportunity to offer the testimony of an opinion witness in their defense (although, there is no record that they ever sought to do so) and that, somehow, an Assistant United States Attorney inappropriately offered testimony during the trial. None of these arguments are based on evidence recently discovered, and such a motion for relief is untimely under Fed. R. Crim. P. 33 since it was filed outside of the 14 day time period set forth in that rule.

That said, the moving Defendants also seek relief from this Court on the grounds that they have discovered or have reason to believe based on recently discovered evidence, obtained as a result of an Open Records Act request directed to the Kentucky Department of Financial Institutions and resolved shortly before the filing of the Third Motion for New Trial, that *Brady* material was wrongfully withheld from them by the government.  The Court also understands their argument to suggest that the government engaged in prosecutorial misconduct during the pretrial period which, in their view, merits a new trial.  As such, their Motion for relief on these grounds falls within the three year period which began to run when the jury's verdict was entered on July 10, 2010, and it is timely in this regard. The Court will consider whether there is merit to this aspect of their Motion.

## II.

As to such a motion, "[t]he question of whether to decide a motion on the supporting evidence filed with the motion or to hold an evidentiary hearing is within the discretion of the trial court." *United States v. O'Dell*, 805 F.2d 637, 642 (6th Cir. 1986) (*citing United States v. Hoffa*, 382 F.2d 856, 866 (6th Cir. 1967); *United States v. Metz*, 652 F.2d 478, 481 (5th Cir. 1981)).  Here, there is no need for an evidentiary hearing because, on the materials before it and assuming the facts alleged to be true, the Court concludes that there is no evidence from which the Court can

conclude that the government violated its duty to disclose all material exculpatory evidence in its possession to the moving Defendants prior to trial or otherwise engaged in prosecutorial misconduct that would merit a new trial. Accordingly, the motion for an evidentiary hearing will be denied.

## III.

The Court begins its inquiry with an awareness that "motions for a new trial based on newly discovered evidence are disfavored." *U.S. v. Hawkins,* 969 F.2d 169, 175 (6th Cir. 1992). This Court will only grant a new trial based on newly discovered evidence if (1) the new evidence was discovered after the trial, (2) the evidence could not have been discovered earlier with due diligence, (3) the evidence is material and not merely cumulative or impeaching, and (4) the evidence would likely produce an acquittal. *U.S. v. Braggs,* 23 F.3d 1047, 1050 (6th Cir. 1994) (citing *U.S. v. Barlow,* 693 F.2d 954, 966 (6th Cir. 1982)). In light of this standard and having considered the evidence and arguments placed before this Court by this Third Motion for a New Trial, the Court remains unpersuaded that the moving Defendants can demonstrate that the circumstances merit a new trial.

Defendants argue that the government suppressed *Brady* material, i.e., information that was favorable to one or both defendants, in the form of an expert witness report prepared by Michael Sanders, a professional geologist, at the behest of the

Kentucky Board of Registration for Professional Geologists over a year after the trial of this matter was concluded. The report details Sanders opinion with respect to whether Geologists Ray Garton (also a co-defendant in the present matter) and William Balfour committed violations of Ky. Rev. Stat. 322A and 201 Ky. Admin. Reg. 31 by virtue of substandard geologic practices and, in the case of Balfour, aiding and abetting the unlicensed practice of geology by Garton in the Commonwealth of Kentucky.

This argument is flawed because *Brady* and its progeny speak to *exculpatory* materials that are in the government's possession *prior to and at the time* of trial. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding that prosecution must disclose all material exculpatory and impeachment evidence to a defendant in time for use at trial); *Jells v. Mitchell*, 538 F.3d 478, 501-02 (6th Cir. 2008) (same); *Schledwitz v. United States*, 169 F.3d 1003, 1285 (6th Cir. 1999) (same).

As an initial matter, the expert witness report was neither requested by the Board of Registration prior to nor available in time for anyone's use at trial. The trial commenced on June 8, 2010, and the jury returned a verdict on July 10, 2010. The report is dated August 31, 2011, and was prepared in response to an April 12, 2011, request made by the Kentucky Board of Registration for Professional Geologists. Since it was not available to anyone, including the prosecution, the Government could not have disclosed

it in time for use at trial in this matter.

Further, the report is hardly exculpatory. The moving defendants insist that it would have completely undermined the prosecution's case because Sanders' report opines that co-defendant Ray Garton's geologic data prepared at Target's behest was not, itself, fraudulent. Certainly, Sanders' report may be reasonably read to say that many (or even all) of the evaluative geologic materials prepared for Target by Garton and signed off on by Balfour were not, per se, inaccurate, particularly considering questions about who had access to and used these reports once they left the geologists' hands – with some focus on Balfour's limited (if any) awareness of how Target intended to use the reports in its offering documents. The report is, however, damning when it comes to the end use of those materials in Target's sales efforts, stating "[Target's] Reports became inadequate, substandard, and ultimately misrepresentations in the eyes of the law when their purpose changed to one of sales and marketing to investors rather than for internal Target informational purposes." [Report at 12.]

The report also offers mild criticism of Balfour for failing to inquire of Target about how it would use the reports that he signed, although it ultimately concludes that "it is unlikely [Balfour] would have received a straight answer from representatives of Target Oil given the convictions of the group." *Id*. While not directly addressing the issue of Garton's liability

for any wrongdoing in the conspiracy which was the subject of the present action, Sanders surmises that "Ray Garton had a long standing relationship with Target Oil and likely knew about Target's business practices." In other words, even had this report been available at the time of trial, it does not contain evidence likely to produce an acquittal had it been considered by the jury.

So, the Court is left to consider Defendants' argument that a new trial is warranted not because of a *Brady* violation, even though the moving Defendants couch their argument in those terms, but because AUSA Frances Catron allegedly engaged in pretrial prosecutorial misconduct of some other variety. The theory is that the moving Defendants were prejudiced in some way at trial because Catron delayed the preparation of the report on Balfour when she declined, pre-trial, to honor the request of the Board and disclose the documents and reports prepared by co-Defendant Garton and signed by Balfour that had been requested by the Board. Defendants do not, however, claim that they were wrongfully denied knowledge of or access to the reports prepared by Garton and signed off on by Balfour—which were in existence in advance of trial—or even that those reports are, themselves, exculpatory. Nor do they argue that they could not have contacted Sanders, who prepared the expert witness report as part of the Board's investigation, themselves to seek his opinion on Garton and Balfour's materials and actions for use in their defense at trial.

Frankly, even with the benefit of the moving Defendants' arguments, the Court is at a loss as to how "withholding" from or delaying the transfer of the reports prepared by Garton and with which Balfour was involved to Board investigators would constitute prosecutorial misconduct, let alone prosecutorial misconduct of the magnitude that would require a new trial in this matter. At the very least Michael Smith was aware of the reports prepared by Garton and signed off on by Balfour and their contents since they were, as the Court recalls from the evidence at trial, prepared at his behest. There is no record that he or co-Defendant Christopher Smith sought to have those reports reviewed by an expert, for any reason, in order to assist in their defense or that Catron acted to prevent them from so doing.

In the absence of any grounds warranting relief in the form of a new trial, the motion will be denied.

IV.

For the reasons stated above, the moving Defendants' Motion for a New Trial is without merit. Accordingly, **IT IS ORDERED** that the Third Motion for New Trial and request for a hearing [DE 839] are **DENIED**.

This the 1st day of April, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge